IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, and CONSTRUCTION & GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, and MIKE SHALES, JOHN BRYAN SR., AL OROSZ, DAN BREJC, TOBY KOTH, and VERN BAUMAN, Trustees on behalf of the FOX VALLEY LABORERS' HEALTH AND WELFARE FUND AND THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> SUN BUILDING MAINTENANCE, LLC, <br><br> Defendant. | Case No. 12 C 9103 <br><br> Judge James B. Zagel |

## PLAINTIFFS' MOTION FOR PROVE-UP

The plaintiffs, the Laborers' Pension Fund and the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and Administrator of the Funds, James S. Jorgensen (referred to as the "Chicago Laborers' Funds"); and Mike Shales, John Bryan Sr., Al Orosz, Dan Brejc, Toby Koth and Vern Bauman, Trustees on behalf of the Fox Valley Laborers' Health and Welfare Fund and the Fox Valley Laborers' Pension Fund (referred to as the "Fox Valley Funds" and both the Chicago Laborers' Funds and the Fox Valley Funds are collectively referred to as the "Funds"); and the Construction

1

and General Laborers' District Council of Chicago and Vicinity (the "Union"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, by their attorneys, move for judgment of damages in sum certain against defendant, Sun Building Maintenance, LLC ("Sun"). In support of this motion, plaintiffs state the following:

1. On November 13, 2012, the plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331; and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, alleging that the defendant, Sun, is liable as a successor to the signatory company, National Building Resource Group, LLC ("NBR") for its obligations to the Union's members and to the Funds. NBR's Collective Bargaining Agreement ("CBA") with the Union binds NBR, <u>and its successors</u>, to the Laborers' Funds and the Fox Valley Funds' respective Agreements and Declarations of Trust, and also the CBA adopts and incorporates a Master Agreement between the Union and various employer associations. The CBA between NBR and the Union is attached as Exhibit 1 to both plaintiffs' Complaint (Dk.#1) and First Amended Complaint(Dk.#30). (See also, Attached Exhibit 1, Martin Flanagan Affidavit, ¶2 and ¶3.)

2. On October 3, 2013, this Court entered a default against defendant, Sun, based on the plaintiffs' initial Complaint (Dk.#1), and after granting Sun's counsels' motion to withdraw, which stated that "Sun will no longer be defending this case." (Dk. #25, at ¶4.)

3. Plaintiffs' in this cause seek entry of the judgment amount owed by NBR against the defendant, Sun, as alleged in Counts I and II of the First Amended Complaint. Judgment was entered on behalf of the Funds, the plaintiffs, and against the defendant, NBR, on March 9, 2012, in *Laborers' Pension Fund et al. v. National Building Resource Group, LLC*, 11 C 3309 (N.D. Ill.),

2

in the total amount of $79,905.74, consisting of unpaid contributions, liquidated damages, interest, attorneys' fees and costs owed to the Funds, and for union dues owed to the Union on behalf of its Union members. A copy of the judgment order is attached as Exhibit 2.

4. Additionally, plaintiffs' in this cause seek entry of the amounts owed to the Union, in the total amount of $46,956.24 as alleged in Count III of the First Amended Complaint (Dk.#30). On March 1, 2012, the Union sent a demand letter to NBR, for unpaid wages as reported by the Union's selected auditor, Richard J. Wolf & Company, Inc., ("Wolf"). According to Wolf's review of NBR's books and records for wage compliance, covering the period from August 19, 2010 through September 30, 2011, unpaid wages were owed to employees who performed covered work in the total amount of $46,956.24. A copy of the audit report and invoice are attached as Exhibit 3.

5. The CBA between NBR and the Union binds it and its successors to a Master Agreement between the Chicago Area Independent Construction Association ("CAICA") and the Union. The CAICA Master Agreement establishes the contractual procedures for a Joint Grievance Committee ("JGC") and its authority for settling disputes, which in relevant part is attached as Exhibit 4 hereto. When NBR failed to respond to the Union's demand, the Union advanced the grievance for hearing to the JGC. On October 15, 2012, the Union sent to both NBR's registered agent, Shari Gamer, and Sun's registered agent, CT Corporation System, a copy of the wage audit with a letter specifying: the date and time of the hearing, the procedure for postponement, and information regarding presenting testimony and rebuttal evidence at the hearing. The CAICA Agreement and the letters state that a majority vote of the JGC would result in a binding decision. Copies of this correspondence and proof of receipt are attached as Exhibit 5.

6. On October 25, 2012, the JGC issued a binding award upholding the grievance in its

entirety, finding that Sun owed the amount of $46,956.24, less the deduction of 2.75% for Work Dues[1] for the unpaid employees' wages as identified in the audit findings of Sun's predecessor, NBR. The JGC award further specifies that Sun was also responsible for the $270.00 in audit costs and notified that its failure to comply with this award within seven (7) days would result in its responsibility for an additional ten percent (10%) in liquidated damages. Therefore, Sun also owes liquidated damages in the amount of $4,682.71. A copy of the JGC award is attached as Exhibit 6.

7.   As a matter of law, the Funds are entitled to their attorneys' fees and costs under ERISA, 29 U.S.C. §1132(g)(2)(B). As stated in the JGC award (Exhibit 6), the Union is also entitled to all court costs and reasonable attorney fees incurred in enforcing its award. The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter by the Union is $14,792.25, and by the Funds is $16,957.50 plus $630.00 in costs, which consists of service of process and filing fees for the lawsuit against Sun. (See Exhibit 7, Schumann Affidavit; Exhibit A, the Funds' Attorney fee report; and Exhibit B, the Union's Attorney fee report).

**WHEREFORE** plaintiffs request entry of a judgment against Sun Building Maintenance, LLC in the total amount of $164,065.31, and a Court order demanding that should defendant resume operations that it immediately provide written proof that it has obtained a surety bond to plaintiffs' counsel, Sara S. Schumann at the address below.

                                                        Respectfully submitted,

                                                   /s/ Sara S. Schumann
                                                  One of plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann

---

[1]   This lowers the JGC award amount to $46,827.11 because 2.75% dues are already included as part of the prior judgment award to the Funds.

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400

March 17, 2014